Argued and submitted May 21, affirmed August 4, 1982

WARTHEN, dba Lakeside Real Estate,
*Respondent,*
*v.*
VAHOOMANI,
*Appellant.*

(No. 80-2343, CA A22403)

648 P2d 1348

Maurice V. Engelgau, Coquille, argued the cause for appellant. With him on the briefs was Engelgau & Woods, Coquille.

Michael J. Bandonis, Coos Bay, argued the cause for respondent. With him on the brief was Lesan & Johnson, Coos Bay.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Defendant appeals the judgment entered on a jury verdict in favor of plaintiff in this action for a real estate commission. The only assignment of error is the denial of defendant's motion for directed verdict based on plaintiff's alleged failure to prove registration of an assumed business name. We find that there was evidence from which a jury could have found that the assumed business name was registered at the time the contract between the parties was entered into and therefore affirm.

Plaintiff is a licensed real estate broker. She obtained her license and took over the operation of Lakeside Real Estate, formerly operated by her father-in-law, on August 1, 1979. Lakeside Real Estate is an assumed business name. Plaintiff and defendant entered into a listing agreement on August 29, 1979. The listing agreement provided that plaintiff was entitled to a 10 percent commission on the sale of the property. The property which was the subject of that agreement was sold on March 28, 1980. Plaintiff commenced this action for the commission on November 18, 1980.

Defendant contends that the court erred in refusing to grant a directed verdict in his favor on the basis of ORS 648.090, which provides:

"No persons carrying on, conducting or transacting business [under an assumed business name], or having any interest therein, are entitled to maintain any suit or action in any of the courts of this state without alleging and proving that they have registered the assumed business name as provided for in ORS 648.010 with respect to the county in which the person conducted the business giving rise to such suit or action."

Defendant relies on a certificate from the Corporation Commissioner that indicates that it was only on September 17, 1980, that the registration of the name Lakeside Real Estate was renewed and amended to show plaintiff as a party in interest. Defendant contends that registration of the assumed business name before suit was filed is not sufficient, but that the statute requires that the name be registered before any business is transacted under that name, *i.e.,* before the contract was entered on August 29, 1979.

We need not decide in this case whether registration before suit is filed is sufficient under the statute, because there is evidence from which the jury could find that the registration of the name Lakeside Real Estate was amended on August 1, 1979, *i.e., before* the contract with defendant was entered. Plaintiff testified that she personally obtained her real estate broker's license and amended the assumed business name registration on August 1, 1979. She introduced a cancelled check for $5, dated August 1, 1979, which had been deposited to the account of the Corporation Commissioner. There was evidence that the charge for amending an assumed business name registration was $5 at that time. Despite the fact that the certificate of the Corporation Commissioner shows that the registration was amended on September 17, 1980, the date it was renewed, the jury was entitled to find, and did find in a special verdict, that the name had been amended to show plaintiff as a party in interest as of the date of the contract between these parties. The evidence supported this finding.

Affirmed.